UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARIETTA BOYD,**

      **Plaintiff,**

   v.

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

Case No. 2:13-cv-00789
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (R&R) dated April 30, 2015. (ECF No. 22.) In the R&R, the Magistrate Judge recommended that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") final decision that Plaintiff is not disabled within the meaning of the Social Security Act (the "Act"). Plaintiff objects to this conclusion (ECF No. 23), and the Commissioner responded to Plaintiff's objection (ECF No. 25).

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's complaint.

    **I.**    **BACKGROUND**

Plaintiff applied for disability benefits on May 12, 2009, alleging that she became disabled on December 23, 2008. After Plaintiff's initial application was denied, an administrative law judge ("ALJ") held a hearing on Plaintiff's application. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work that is unskilled and low stress. Because such jobs exist in significant numbers in the national economy, however, the ALJ concluded that Plaintiff is not disabled within the meaning of the Act. That decision

became final on June 11, 2013 when the Appeals Council denied Plaintiff's request for review.

Plaintiff subsequently filed suit for judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). In her Statement of Specific Errors, Plaintiff asserted that the ALJ erred in several ways. The Magistrate Judge disagreed and recommended that the Court overrule Plaintiff's Statement of Specific Errors in its entirety. Plaintiff now objects to the Magistrate Judge's conclusions in the R&R.

## II. ANALYSIS

### A. Standard of Review

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the Magistrate Judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the Magistrate Judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Such a statement "has the same effects as would a failure to object." *Id. See also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.")

The Court must analyze Plaintiff's objections in light of the standard of review in social

security cases, which the Magistrate Judge set forth in the R&R:

> When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).
>
> Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

(ECF No. 22 at PAGEID # 813–14.)

### B. Plaintiffs' Objections

Plaintiff argues that the Magistrate Judge erred in four ways: (1) by accepting the ALJ's decision to give little weight to the medical opinions of Drs. Nwokoro, Shaw, Kay, and Gollamundi; (2) by rejecting Plaintiff's assertion that the ALJ improperly assumed the role of medical expert; (3) by accepting the ALJ's evaluation of Plaintiff's credibility; and (4) by finding that substantial evidence supports the ALJ's evaluation of Plaintiff's daily activities.  The Court will address these objections in turn.

#### 1. First Objection: Medical Opinions

##### i. Dr. Nwokoro

The ALJ assigned little weight to Dr. Nwokoro's opinion that Plaintiff's ailments make her "unemployable."  (ECF No. 12-2, at PAGEID # 75.)  In doing so, the ALJ found that Dr.

3

Nwokoro was not a treating physician because he only treated Plaintiff one time before providing an opinion.  The ALJ further concluded that Dr. Nwokoro was not qualified to determine whether Plaintiff was "employable" (which is a decision reserved for the Commissioner) and that, in any event, Dr. Nwokoro's opinions were "unsupported by objective signs and findings." (*Id*.)

Plaintiff objected to these conclusions.  After considering Plaintiff's arguments in her Statement of Specific Errors, the Magistrate Judge rejected the same.  The Magistrate Judge concluded that the ALJ "offered a legally sufficient reason for finding that Dr. Nwokoro was not a treating source" and that "substantial evidence supports the ALJ's stated reasons for affording little weight to Dr. Nworkoro's opinions."  (ECF No. 22, at PAGEID # 818.)

Plaintiff argues that the Magistrate Judge erred because ALJs typically favor examining sources' opinions over the opinions of non-examining consultants, but that argument does not change the fact that ALJs may disregard examining sources' opinions that contradict the objective medical evidence.  The Magistrate Judge found that the ALJ properly considered the 20 C.F.R. § 404.1527(c) factors in deciding to afford Dr. Nwokoro's opinion little weight; Plaintiff's one-sentence argument that the ALJ "erred in failing to impartially apply the regulatory opinion weighing factors to Dr. Nwokoro's opinion," (ECF No. 23, at PAGEID # 831), does not provide any basis to set aside that finding.

Plaintiff's next argument, that the ALJ took Dr. Nwokoro's statements out of context in concluding that they contradict the objective medical evidence, similarly fails.  Although Plaintiff argues that the ALJ impermissibly "cherry picked" Dr. Nwokoro's opinions, her arguments simply "cherry pick" evidence that would support the opposite conclusion.  Such evidence is not a proper basis for overruling an ALJ's opinion.  *See, e.g., Longworth v. Comm'r*

4

*Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (holding that the Commissioner's decision must be affirmed if it is supported by substantial evidence, even if substantial evidence also supports the opposite conclusion); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."). The Court finds Plaintiff's objections regarding Dr. Nwokoro to be without merit.

        *b. Dr. Shaw*

  The ALJ gave little weight to the opinions of Dr. Shaw, another physician who had just begun treating Plaintiff at the time he rendered an opinion. Like Dr. Nwokoro, Dr. Shaw opined that Plaintiff had significant limitations that rendered her "unemployable." The ALJ, however, declined to afford Dr. Shaw "treating physician status," and found Dr. Shaw's opinions to be unsupported by objective signs and findings in the record (including medical records reflecting no neural involvement and normal musuloskeletal and neurological examinations, among other things). The ALJ concluded that the RFC adequately accounted for the limitations Dr. Shaw found to exist that the objective medical evidence supported.

  Plaintiff argued that the ALJ erred by declining to afford treating physician status to Dr. Shaw, by affording little weight to Dr. Shaw's opinion, and by failing to explain her reasoning for doing so. But the Magistrate Judge disagreed, concluding that "Dr. Shaw had not established an ongoing treatment relationship at the time he assessed Plaintiff," that "substantial evidence supports the ALJ's finding," and that "the ALJ provided adequate reasoning for rejecting Dr. Shaw's opinion." (ECF No. 22, at PAGEID # 820.)

  Plaintiff now objects to the Magistrate Judge's findings. First, Plaintiff states that she "incorporates her prior arguments" that Dr. Shaw was a treating physician. (ECF No. 23, at

5

PAGEID # 832 n. 2.)  That statement is equivalent to a general argument that the Magistrate Judge erred, which "has the same effects as would a failure to object."  *Howard*, 932 F.2d at 509; *see also Holl*, 2011 WL 4337038, at *1.

  Plaintiff next objects to the Magistrate Judge's finding that the ALJ clearly articulated her decision to afford little weight to Dr. Shaw's opinion.  Plaintiff vaguely argues that the regulation requires that an ALJ apply "a number of factors" to the "record as a whole," (ECF No. 23, at PAGEID # 833), but does not identify the factors the ALJ purportedly ignored.  The Court agrees with the Magistrate Judge that the ALJ considered Dr. Shaw's examining/treating relationship with Plaintiff ("one occasion prior to offering his opinion"), the consistency of Dr. Shaw's opinions with the record (inconsistent spine imaging records and normal musculoskeletal and neurological examinations), and the lack of support Dr. Shaw provided in his opinion, thereby addressing the § 20 C.F.R. § 404.1527(c) factors.  Plaintiff fails to demonstrate reversible error in this regard.

  Finally, Plaintiff argues that the ALJ downplayed the significance of the objective medical findings, which indicated clinical signs of disability.  But the ALJ did not ignore those findings.  To the contrary, the ALJ found that Plaintiff's medical limitations limited her to light work with certain restrictions.  Given that Dr. Shaw documented several normal musculoskeletal and neurological examinations, as well as degenerative changes with no neural involvement, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's conclusion that "the restriction to light exertion adequately accounts for [Dr. Shaw's] findings."  (ECF No. 12-2, at PAGEID # 75.)  Plaintiff again fails to demonstrate any reason to set aside the Magistrate Judge's conclusions.

       *c. Dr. Kay*

Plaintiff's pain management physician, Dr. Kay, opined in July of 2011 that Plaintiff could not work more than two hours per day (among other restrictions).  The ALJ acknowledged that Dr. Kay was a "treating physician" such that his opinions are entitled to controlling weight unless they are not supported by acceptable techniques or are inconsistent with other substantial evidence in the record.  The ALJ concluded, however, that Dr. Kay's opinions were not entitled to controlling weight.  In support of that decision, the ALJ noted: (1) that examinations performed by other physicians revealed a reduced range of motion that did not support a restriction greater than that included in the RFC; (2) that Dr. Kay's opinion is inconsistent with his own treatment notes, specifically his statement in 2009 that he would not complete disability paperwork on Plaintiff's behalf, as well as his recommendations that Plaintiff exercise and seek a light duty job, and (3) that Dr. Kay's own notes reflect "few significant musculoskeletal or neurological abnormalities" and that Plaintiff's symptoms "were relatively controlled with medications."  (ECF No. 12-2, at PAGEID # 76.)

Plaintiff argued that the ALJ erred in discounting Dr. Kay's opinions.  The Magistrate Judge again disagreed.  The Magistrate Judge found that substantial evidence (including that set forth above) supported the ALJ's decision and that the ALJ clearly explained her rationale.

Plaintiff objects to the Magistrate Judge's conclusion but again fails to identify any specific errors that warrant setting aside the R&R.  Plaintiff first argues that the ALJ erred by using the word "only" to describe clinical findings of a "decreased range of motion and lumbar spine tenderness" because ALJs are "not permitted to supplant [their] own interpretation of these findings for that of [medical doctors]."  (ECF No. 23, at PAGEID # 833–34.)  But that argument is nonsensical given that the ALJ is tasked with "[e]valuating opinion evidence" against the

objective medical evidence in the record. 20 C.F.R. § 404.1527. Plaintiff's suggestion that *Hall v. Celebrezze*, 314 F.2d 686 (6th Cir. 1963), precludes an ALJ from interpreting objective medical evidence in a way that contradicts a medical opinion amounts to a misreading of that case.

Plaintiff next argues that the Magistrate Judge improperly relied on select portions of Dr. Kay's notes in concluding that his opinions are inconsistent with the same. Again, however, Plaintiff fails to offer any persuasive explanation as to how the "record as a whole" provides a different context to the notes that the ALJ found to conflict with Dr. Kay's opinion. Plaintiff's reference to notes "which recount abnormal clinical signs and findings including decrease range of motion and palpable tenderness," (ECF No. 23, at PAGEID # 834), amounts to an argument that evidence supports a conclusion opposite the one that the ALJ reached, which is not a proper basis for overruling an ALJ's opinion. *See, e.g., Longworth*, 402 F.3d at 595.

Finally, Plaintiff contends that the ALJ erred in failing to consider "the record's deferential weight factors" of 20 C.F.R. § 404.1527(c)(2)–(6). As with Dr. Shaw, Plaintiff again fails to identify the factors the ALJ purportedly omitted and explain how those factors negate the substantial evidence in support of the ALJ's opinion. To the extent Plaintiff is attempting to refer the Court to the same arguments she made to the Magistrate Judge, such an objection is improper. *See Holl*, 2011 WL 4337038, at *1. Plaintiff fails to pinpoint a specific error that mandates setting aside the Magistrate Judge's decision.

### d. Dr. Gollamundi

The ALJ gave little weight to the opinions of Dr. Gollamudi, who opined that Plaintiff was likely to miss at least three days of work per month. The ALJ found that this opinion was inconsistent with Dr. Gollamudi's assessment of Plaintiff's Global Assessment of Functioning

8

("GAF") score of 50 to 51, "as well as [Plaintiff's] reported daily living activities and mental status examinations, which were generally normal." (ECF No. 12-2, at PAGEID # 77.) The ALJ also noted that Dr. Gollamudi stated immediately prior to rendering his opinion that Plaintiff's symptoms had improved and that she was stable. Finally, the ALJ noted that the record contained no basis for Dr. Gollamudi's opinion that Plaintiff was likely to miss work.

Plaintiff argued to the Magistrate Judge that the ALJ improperly relied on Dr. Gollamudi's findings regarding the GAF score to disregard portions of his opinion. The Magistrate Judge rejected that argument, finding that the ALJ did not err in considering the GAF score and that, in any event, GAF scores have "no direct correlation to the severity requirements of the mental disorders listing." (ECF No. 22, at PAGEID # 822 (citing *Kennedy v. Astrue*, 247 F. App'x 761, 766 (6th Cir. 2007). The Magistrate Judge noted that the dispute involving the GAF score "would not undermine a decision supported by substantial evidence." (*Id*.) The Magistrate Judge concluded that substantial evidence supported the ALJ's decision to give Dr. Gollamudi's opinion little weight.

Plaintiff first objects to the Magistrate Judge's analysis of the GAF score. Plaintiff argues that, if GAF scores have no direct correlation to the severity requirements of the mental disorders listing, then "the unreliability of GAF scores must also stand to undermine the ALJ's rejection of competent treating source opinion evidence as inconsistent with said scores." (ECF No. 23, at PAGEID # 835.) That logic is flawed. The Sixth Circuit recognizes that a GAF score is "a subjective determination that represents the clinician's judgment of the individual's overall level of functioning." *Oliver*, 415 F. App'x at 684 (quoting *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 276 (6th Cir. 2009)). The fact that Dr. Gollamudi "noted a GAF score of 50, as well as a high score of 51 in the past year," (ECF No. 12-2, at PAGEID # 77), means that Dr. Gollamudi

9

considered Plaintiff able to function with moderate difficulties at some point in the last year. This fact is relevant to Dr. Gollamudi's opinion that Plaintiff would miss at least three days of work each month, even if it would not (in itself) be dispositive of Plaintiff's claim. The Court thus rejects Plaintiff's argument that it should set aside the Magistrate Judge's decision because the ALJ relied on the GAF score in analyzing Dr. Gollamudi's opinion.

Plaintiff next argues that the Magistrate Judge erred by citing only two sources from the record that support the ALJ's opinion. These sources do not, in Plaintiff's opinion, reflect the record as a whole. But the Magistrate Judge properly cited those sources as examples of evidence (in addition to the evidence the ALJ cited, such as Plaintiff's reported daily activities), that supported the ALJ's opinion. Plaintiff fails to specify how the "record as a whole" compels a different understanding of that evidence.

Plaintiff then challenges the ALJ's reliance on "mental status examinations" as inconsistent with Dr. Gollamudi's opinion. (ECF No. 12-2, at PAGEID # 77.) Regarding the mental status examination of Dr. Halmi, Plaintiff offers the vague and unsupported argument that "Dr. Halmi's report plainly supports the existence of greater mental health limitations that those identified by the ALJ." (ECF No. 23, at PAGEID # 836.) This assertion, without more, is insufficient to set aside the Magistrate Judge's conclusions.

Plaintiff argues that social worker Tieman's "opinions" support—rather than contradict— Dr. Gollamundi's opinions, but in support of that statement, Plaintiff cites her own statements to Tieman about her condition (e.g., "[Plaintiff] says she has been increasingly more paranoid . . . ") rather than Mr. Tieman's analysis thereof. (ECF No. 23, at PAGEID # 836.) The Court agrees with the Magistrate Judge that Mr. Tieman's "findings" indicate a "euthymic mood" and "goal-directed thought process," among other observations. (ECF No. 12-8, at ECF No. 12-8, at

10

PAGEID # 725; 727.) The fact that Plaintiff relayed certain symptoms to Mr. Tieman is relevant to her own perception of her condition, but it does not constitute Mr. Tieman's opinion. These statements do not warrant setting aside the Magistrate Judge's decision.

2. Second Objection: "The ALJ improperly assumed the role of medical expert"

Plaintiff's second objection merely rehashes her first. Plaintiff challenges the Magistrate Judge's finding that the ALJ did not "succumb to the temptation to play doctor" but instead "weighed and considered the evidence as a whole including the opinion evidence, the objective evidence, and Plaintiff's credibility." (ECF No. 22, at PAGEID # 824.)

In objecting to that conclusion, Plaintiff argues that the ALJ departed from the "overwhelming weight of the record's opinion evidence" by finding that evidence inconsistent with the objective medical evidence in the record. (ECF No. 23, at PAGEID # 837.) Plaintiff states: "as outlined in Plaintiff's prior briefs, the competent medical professionals who generated and/or reviewed this objective medical data directly disagree with the ALJ's interpretation of the same." (*Id*.) Plaintiff adds that "no competent medical evidence establishes a link between the 'objective evidence' and the [RFC] the ALJ assigns." (*Id*.)

The Court finds these arguments insufficient to set aside the Magistrate Judge's conclusions for three reasons. First, Plaintiff's reference to her arguments "in prior briefs" is not a proper objection to the R&R. *See Holl*, 2011 WL 4337038, at *1. Second, having rejected each of Plaintiff's objections to the ALJ's findings regarding specific opinion testimony, the Court necessarily found that substantial evidence supports the ALJ's determinations regarding each of the four medical opinions discussed above. The Court accordingly finds no basis for Plaintiff's suggestion that the ALJ "assumed the role of medical expert." (ECF No. 23, at PAGEID # 837.) And finally, the RFC decision is reserved to the Commissioner (not medical

11

<mark>Case: 2:13-cv-00789-GLF-EPD Doc #: 26 Filed: 06/19/15 Page: 12 of 14  PAGEID #: 856</mark>

personnel) and must reflect all relevant evidence in the record including medical opinion evidence, objective evidence, and the Plaintiff's credibility. *See* 20 C.F.R. § 404.1527(d); 404.1545(a). The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's consideration of each category of evidence such that Plaintiff's second objection is without merit.

        3.   <u>Third Objection: "The ALJ's adverse credibility finding does not merit deference"</u>

Plaintiff next challenges the Magistrate Judge's affirmance of the ALJ's adverse credibility finding. The Magistrate Judge set forth the standard for evaluating credibility assessments:

> Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain. 20 C.F.R. § 416.929(a); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id*.

(ECF No. 22, at PAGEID # 825 (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 231 (6th Cir. 2007)).) The Magistrate Judge correctly noted that the ALJ's credibility assessment is entitled to great weight and deference. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Applying those standards, the Magistrate Judge found that substantial evidence supports the ALJ's adverse credibility determination in this case. As an example of such evidence, the Magistrate Judge cited the ALJ's discussion of instances in which Plaintiff "alleged symptoms more severe than the pathology shown on cervical and lumbar spine studies in the record." (ECF No. 12-2, at PAGEID # 69.) The Magistrate Judge also cited the ALJ's discussion of instances

12

in which Plaintiff made inconsistent statements in the record.

Plaintiff argues that the evidence the Magistrate Judge cites does not support the ALJ's decision because the cited medical records (cervical and lumbar spine studies) support Plaintiff's claims of disabling pain and because the inconsistent statements in the record are simply "misstatements" or "very remote misunderstandings." (ECF No. 23, at PAGEID # 838.) But in making this argument, Plaintiff ignores the fact that the Magistrate Judge cited this evidence as examples and that other pieces of evidence support the ALJ's finding. The ALJ noted, for example, that Plaintiff's daily living activities (which include exercising, walking, driving to appointments, preparing simple meals, and performing household chores, among others) "indicate[] that [Plaintiff's] level of pain and depression does not seriously interfere with her ability to maintain attention and concentration, perform routine tasks, understand and follow simple instructions, and interact with others," which is inconsistent with Plaintiff's complaints of disabling pain. (ECF No. 12-2, at PAGEID # 73.) The ALJ also noted that Plaintiff's pain specialist stated on one occasion that Plaintiff's MRI reports were "basically normal" and that Plaintiff's pain level was "quite adequate." (*Id.* at PAGEID # 70.) The ALJ went through pages of discussion detailing additional evidence that conflicted with Plaintiff's complaints of disabling symptoms. Given this evidence in the record, the Court agrees with the Magistrate Judge and the ALJ that even minor inconsistencies in Plaintiff's testimony are relevant to her credibility. The Court similarly agrees with the Magistrate Judge that substantial evidence supports the ALJ's adverse credibility finding. To the extent Plaintiff is arguing that her cervical and lumbar spine studies could support a favorable credibility finding, that argument is insufficient to overrule the ALJ's decision. *See, e.g., Longwort*, 402 F.3d at 595.

    4. <u>Fourth Objection: "The ALJ's findings regarding Plaintiff's daily activities are without support</u>."

Plaintiff's final objection challenges the ALJ's finding that her daily activities are inconsistent with her complaints of disabling pain. Plaintiff argues that the ALJ's finding is "grossly at odds with all of the record's substantive evidence" for the reasons "explained in Plaintiff's briefs." (ECF No. 23, at PAGEID # 839.) As stated above, however, merely reciting arguments made to the Magistrate Judge is not a proper objection to the R&R. *See Holl*, 2011 WL 4337038, at *1. Plaintiff's citation to a select part of the R&R in which the Magistrate Judge discussed testimony favorable to Plaintiff is similarly improper, as it ignores the other evidence discussed above regarding Plaintiff's daily living activities. The Court agrees with the Magistrate Judge that, even if evidence in the record supports Plaintiff's position, substantial evidence supports the ALJ's decision regarding Plaintiff's activities of daily living. Plaintiff therefore fails to provide any basis on which the Court should set aside the R&R.

### III.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R (ECF No. 23), **AFFIRMS AND ADOPTS** the R&R (ECF No. 22), and **DISMISSES** Plaintiff's complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and dismiss this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED.**

    /s/ Gregory L. Frost
    **GREGORY L. FROST**
    **UNITED STATES DISTRICT JUDGE**